The document below is hereby signed.

Signed: June 3, 2011



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
JOHNNY ANDREW MOORE, SR.,          )    Case No. 10-00515
and MARIA FORD MOORE,              )    (Chapter 7)
                                   )
            Debtors.               )
_____  )
                                   )
MARC E. ALBERT, as trustee,        )
                                   )
            Plaintiff,             )
                                   )    Adversary Proceeding No.
        v.                         )    11-10002
                                   )
CHAIKIN SHERMAN CAMMARATA          )
SIEGEL P.C.,                       )
                                   )    **Not for publication in**
            Defendant.             )    **West's Bankruptcy Reporter.**


MEMORANDUM DECISION RE MOTION FOR
SUMMARY JUDGMENT BY MARC E. ALBERT, TRUSTEE

    This address the trustee's Motion for Summary Judgment on
his turnover complaint.  For the reasons that follow, I will
grant turnover, but deny, without prejudice, the trustee's
request to be allowed to pay a secured claim of the defendant out
of the turnover funds.

I

The undisputed facts underlying the trustee's motion are as
follows.  On May 27, 2010, the debtors commenced a case under
chapter 13 of the Bankruptcy, which was subsequently converted to
a case under chapter 7 on October 25, 2010 (Dkt. No. 107).  Prior
to the commencement of the case, on October 28, 2007, Maria Ford
Moore was involved in a car accident and sustained injuries.
Compl. ¶ 5; Ans. ¶ 1.  Moore retained the firm of Chaikin,
Sherman, Cammarata, Siegal, P.C. (Chaikin, Sherman) to represent
her in a personal injury action relating to the accident.  Compl.
¶ 8; Ans. ¶ 1.  Thereafter, Moore filed suit in the Prince
George's County Circuit Court, Compl. ¶ 11; Ans. ¶ 1, and on
October 6, 2010, Moore accepted an offer to settle the claim for
$48,000, Chaikan, Sherman Resp. at 2.  Moore executed a release
of her claim on October 28, 2010.  Chaikan, Sherman Resp. at 2.

The retainer agreement Moore entered into with Chaikan,
Sherman provided for a 40% contingency fee, for Moore to
reimburse Chaikan, Sherman for costs, and for the firm to have a
lien on the settlement proceeds or any amount otherwise recovered
by the firm:

> As full compensation for such legal services, the
> client conveys to the law firm and the law firm will
> receive 33 1/3% of the gross of any and all amounts
> recovered if the claim is settled prior to the filing of
> a lawsuit.  Once a lawsuit is filed, the client conveys
> to the law firm and the law firm will receive 40% of the
> gross of any and all amounts recovered, whether by
> settlement, panel hearing, arbitration or trial. . . .

2

> The client additionally agrees to be responsible to pay all costs and expenses incurred for investigation, preparation, litigation or trial which include, by way of example, court filing fees, court reporter fees for depositions and transcripts, travel expenses, expert witness fees, reproduction costs, messenger services, subpoena fees, and private process servers. . . . The expenses will be paid by the client or deducted from the amount remaining after the contingent fee has been deducted from the gross amount recovered. The law firm is authorized to withhold all of the above expenses from the proceeds of any settlement or judgment.
>
> The client hereby gives the law firm a lien, for services rendered, on any settlement offer extended or on any amounts recovered by any means. This lien may be secured by notifying the insurance carrier for the defendant or the defendant's attorney.

Motion Ex. A. Based upon the settlement and retainer agreement, Chaikan, Sherman claims a lien on the recovery for $19,200 in attorney's fees and $1,794.16 in costs. Motion Ex. C; Chaikan, Sherman Resp. at 3. Moore also authorized the firm to pay directly from the settlement proceeds $7,311.15 in medical expenses and $2,500 to Ingenix. Chaikin, Sherman still holds the settlement proceeds. Chaikin, Sherman, Resp. at 1.

On January 12, 2011, the trustee commenced the above-captioned adversary proceeding seeking a turnover of all the settlement proceeds. Compl. at 3. Chaikan, Sherman timely filed an answer to the trustee's turnover complaint, and the trustee has now moved for summary judgment, to which both Chaikan, Sherman and the Moores have filed in opposition.

II

A party is entitled to summary judgment when there is no
"genuine issue of material fact" and the undisputed facts warrant
judgment for the moving party as a matter of law.  Fed. R. Civ.
P. 56 (a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).
In addressing a motion for summary judgment, "the court must view
the evidence in the light most favorable to the party against
whom summary judgment is sought and must draw all reasonable
inferences in [its] favor."  *Matsushita Elec. Indus. Co. Ltd. v.
Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Whether any
disputed issue of fact exists is for the court to determine.
*Balderman v. United States Veterans Admin.*, 870 F. 2d 57, 60 (2d
Cir. 1989).  The moving party has the initial burden of
demonstrating the absence of a disputed issue of material fact.
*Celotex v. Catrett*, 477 U.S. 317, 323 (1986).  Once such a
showing has been made, the non-moving party must either (1) cite
to particular parts of materials in the record showing that a
fact is genuinely disputed or (2) "show[] that the materials
cited do not establish the absence . . . of a genuine dispute, or
that an adverse party cannot produce admissible evidence to
support the fact." Fed. R. Civ. P. 56(c)(1).  The party opposing
summary judgment "may not rely on conclusory allegations or
unsubstantiated speculation."  *Scotto v. Almenas*, 143 F. 3d 105,
114 (2d Cir. 1998).  Moreover, not every disputed factual issue
is material in light of the substantive law that governs the

4

case.  "Only disputes over facts that might affect the outcome of
the suit under the governing law will properly preclude summary
judgment." *Anderson*, 477 U.S. at 248.


III

In his motion, the trustee argues that summary judgment is
appropriate because (1) there is no question that Chaikin,
Sherman is in possession and control of the settlement proceeds,
which is property of the estate, (2) Chaikin, Sherman has a lien
on the settlement proceeds to the extent of the contingency fee
and expenses, and the trustee seeks permission to pay the secured
claim upon turnover of the proceeds, and (3) none of Chaikin,
Sherman's affirmative defenses are sufficient to defeat the
motion.  I will address each argument in turn.

The trustee first contends that summary judgment on its
complaint is appropriate because it is undisputed that Chaikin,
Sherman currently has possession and control of the settlement
proceeds and the proceeds are property of the estate.  Motion at
5.  Under § 542(a) of the Bankruptcy Code, "any entity, other
than a custodian, in possession, custody or control, during the
case, of property that the trustee may use, sell, or lease under
section 363 of this title, or that the debtor may exempt under
section 522 of this title, shall deliver to the trustee, and
account for, such property or the value of such property, unless

such property is of inconsequential value or benefit to the estate." 11 U.S.C. § 542(a). Chaikan, Sherman does not contend that it is not in possession of the settlement proceeds or that the proceeds are not property of the estate. Rather, Chaikin, Sherman and the Moores oppose the motion on the sole basis that the Moores should be permitted to exempt the proceeds under § 522 of the Bankruptcy Code.

The debtors' initial, amended, and second amended schedule C did not list the settlement proceeds as exempt (Dkt. Nos. 6, 21 and 67). On May 4, 2011, however, the debtors filed a third amended schedule C, listing the proceeds as exempt under § 522(d)(11)(D) and (d)(11)(E) of the Bankruptcy Code. Based on this new exemption, they contend, turnover is inappropriate. Because, though, the debtors' exemptions have not become final, this argument fails.

Although the debtor's third amended schedule C seeks to exempt the settlement proceeds, that exemption does not operate to remove the proceeds from the trustee's control until the exemption becomes final, which will not occur until the time for objecting to exemptions has expired. *See In re Williams*, 249 B.R. 222, 223 (Bankr. D.D.C. 2000). In the bankruptcy case underlying this adversary proceeding, the court has extended, on the trustee's motion, the time to object to exemptions until June 21, 2011 (Dkt. no. 228) and the trustee has indicated that he

6

intends to object to the debtor's third amended exemptions.
Reply ¶ 5.  Accordingly, this basis for defeating the trustee's
motion for summary judgment fails.

The trustee next contends that summary judgment is
appropriate because if the court orders turnover of the proceeds,
"the Trustee requests authority to pay Chaikin Sherman's secured
claim in the amount of $20,994.16 without further order of the
court."  Motion at 9.  For their parts, Chaikin, Sherman agrees
and the debtors do not oppose the trustee's proposed treatment of
the proceeds.  Chaikin, Sherman Opp at 3.  The Bankruptcy Code,
however, requires a different treatment.

Both § 330 and § 725 contemplate notice and a hearing in the
main case prior to paying off Chaikin, Sherman's secured claim.
The court cannot approve a request sought in a motion for summary
judgment in an adversary proceeding, without notice to creditors
and the United States Trustee, to pay attorneys' fees for work
partially done postpetition or to pay a lien.  For these reasons,
the trustee's request to pay Chaikin, Sherman's secured claim
without further order of the court is appropriately denied.

Further, it bears noting that my denial of the trustee's
request to immediately pay over Chaikin, Sherman's secured claim
is not a basis for Chaikin, Sherman to retain the settlement
proceeds.  Nothing in § 542(a) limits the trustee's turnover
rights when the entity holding the property has a secured claim

7

in the property.  *See United States v. Whiting Pools, Inc.*, 462
U.S. 198, 211 (1983) (finding that property seized by the IRS
remained subject to § 542(a)'s turnover requirements until the
property was sold to a bona fide purchaser at a tax sale, and
noting that its "interest in seized property is its lien on that
property").

Finally, the trustee contends that summary judgment in its
favor on the turnover claim is appropriate because none of
Chaikin, Sherman's affirmative defenses defeat the claim.  The
only defense Chaikin, Sherman raises in its opposition is the
exemption argument set forth above.  For the reasons previously
stated, the debtors' exemption of the settlement proceeds is not
a sound basis to deny turnover, and accordingly, judgment in
favor the trustee on the turnover claim is appropriate.

[Signed and dated above.]

Copies to: All counsel of record.